In the Matter of BEATRICE MAYNES and JAMES MAYNES, Infants.

Surrogate's Court, New York County, May 25, 1933.

*Samuel S. Pines*, for the petitioner Beatrice Maynes, former guardian.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for Anna Maynes, new guardian.

*Thomas E. White* [*R. Elliott Davis* of counsel], for objectant Fidelity and Deposit Company of Maryland, surety on bond of former guardian.

FOLEY, S. The evidence does not establish proof of negligence or bad faith or other ground for surcharge against Beatrice Maynes, the former general guardian of the infants. It appears that the infants' funds were deposited with the firm of Clarke Bros., private bankers. By reason of the bankruptcy of that concern these moneys have been unfortunately lost. The question is not one of any statutory duty imposed upon a general guardian or other representative of the estate to deposit the trust funds in an incorporated bank under the supervision of the State Superintendent of Banks, as asserted by the present general guardian seeking the surcharge.

There is no such statutory mandate. Good faith and reasonable diligence must be employed by the representative in the selection of the depository.

In similar cases it has been held that the selection of a solvent private banker by the representative of the estate, and the subsequent loss through bankruptcy or other business failure, did not compel the representative to make good the loss to the estate. (*People ex rel. Nash* v. *Faulkner*, 107 N. Y. 477.) In estates in which the same firm of private bankers involved here was made the depository of trust funds, no liability was found against the representative. (*Matter of Mahoney*, N. Y. L. J. June 18, 1932; *Martella* v. *Raskin Bros. Auto Sales Corp.*, SHIENTAG, J., Id. Jan. 31, 1933.) The rule is that the representative is not an insurer of the funds, but his conduct is to be tested by the exercise or lack of exercise of reasonable prudence.

I specifically find that the surety on the bond of the guardian is not separately liable because of any recommendations to the guardian that the funds be deposited with the private bankers. The evidence fails to establish that their officers or representatives selected or recommended the depository. Submit decree on notice settling the account accordingly.